IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| JOYE GONZALEZ,<br><br>               Plaintiff,<br><br>-against-<br><br>SKYONE FEDERAL CREDIT UNION, SOUTH BAY REMARKETING SERVICES, INC., and SKYLINE RECOVERY SERVICE,<br><br>               Defendants. | Civil Case Number:<br><br>CIVIL ACTION<br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff JOYE GONZALEZ ("Plaintiff"), a Connecticut resident, brings this Complaint by and through the undersigned attorneys, against Defendant SKYONE FEDERAL CREDIT UNION, Defendant SOUTH BAY REMARKETING SERVICES, INC., and Defendant SKYLINE RECOVERY SERVICE (collectively, the "Defendants").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action after Defendants illegally repossessed her vehicle even though Defendants did not have an enforceable security interest in Plaintiff's vehicle, thereby violating the Connecticut Uniform Commercial Code ("CT UCC"). Plaintiff also brings a claim against Defendants SOUTH BAY REMARKETING SERVICES, INC. and

1

SKYLINE RECOVERY SERVICE for unlawfully repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff seeks statutory, punitive, and actual damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff JOYE CONZALEZ is a natural person and a resident of New Britain, Connecticut and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant SKYONE FEDERAL CREDIT UNION ("SkyOne FCU") is a credit union with its principal place of business in Hawthorne, California that conducts a substantial amount of business in Connecticut.

7. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), SkyOne FCU is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

8. Defendant South Bay Remarketing Services, Inc. ("South Bay") is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its principal place of business in Gardena, California.

9. Upon information and belief, Defendant South Bay is a company that uses the mail, telephone, or facsimile in a business whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders.

10. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant South Bay is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. Defendant Skyline Recovery Service ("Skyline Recovery") is a repossession company with its principal place of business in Easthampton, Massachusetts.

12. Upon information and belief, Defendant Skyline Recovery is a company that uses the mail, telephone, or facsimile in a business whose principal purpose is the enforcement of security

interests, namely the repossession of vehicles by lenders.

13. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Skyline Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

15. Plaintiff owns a 2017 Nissan Rogue (the "Vehicle"), financed through a loan with JD Byrider.

16. Plaintiff purchased the Vehicle for her personal use and enjoyment.

17. While owned by Plaintiff, the Vehicle has always had a clean title and no liens recorded against the title, other than the JD Byrider loan.

18. Other than the JD Byrider lien, Plaintiff has never been aware of any other liens on her vehicle at any time that she has owned it.

19. Upon information and belief, however, and unbeknownst to Plaintiff, Defendant SkyOne FCU erroneously claims it has a security interest in the Vehicle, and that it is owed money on an auto loan secured by that vehicle.

20. The money allegedly owed on the SkyOne FCU is a consumer "debt" as that term is defined in 15 U.S.C. § 1692a(6).

21. As a result, SkyOne FCU allegedly contracted with Defendant South Bay to repossess Plaintiff's vehicle.

22. Upon information and belief, South Bay does not perform any repossessions itself in Connecticut, but contracts with repossession companies nationwide to carry out the actual repossessions, a fact known to SkyOne FCU.

23. Upon information and belief, after being contracted by SkyOne FCU to repossess Plaintiff's vehicle, South Bay arranged for Defendant Skyline Recovery to carry out the actual repossession.

24. On or about July 14, 2025, at approximately 4:00 a.m., Defendants unlawfully repossessed the Vehicle from Plaintiff's private driveway while Plaintiff was asleep.

25. Upon discovering that the Vehicle was missing, and thinking the Vehicle to be stolen, Plaintiff immediately contacted law enforcement.

26. Law enforcement informed Plaintiff that the Vehicle had been repossessed by an individual named Javid.

27. The Vehicle was ultimately returned to Plaintiff approximately three (3) days later, in visibly damaged condition.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against South Bay and Skyline Recovery)**

28. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

29. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

30. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)   the property is exempt by law from such dispossession or

4

disablement.

31. At the time of the repossession, Defendants did not have an enforceable security interest in Plaintiff's vehicle, but they seized the Vehicle anyway and then held that vehicle even after they were alerted that they had no right to take the Vehicle.

32. Furthermore, because Defendants did not have an enforceable security interest in the vehicle, the Vehicle was clearly exempt by law from dispossession.

33. As a result, Defendants South Bay and Skyline Recovery violated 15 USC § 1692f(6) when they repossessed Plaintiff's vehicle.

34. By illegally repossessing Plaintiff's vehicle in violation of the FDCPA, Defendants harmed Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

35. Defendants' illegal activity also harmed Plaintiff by causing her to suffer lost wages, anger, anxiety, emotional distress, frustration and embarrassment, loss of time, deprivation of her vehicle and possessions, and damage to the Vehicle.

36. By reason thereof, Defendants South Bay and Skyline Recovery are liable to Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**WRONGFUL REPOSSESSION**
**Conn. Gen. Stat. § 42a-9-609** *et seq.*
**(Against All Defendants)**

37. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs

above herein with the same force and effect as if the same were set forth at length herein.

38. Connecticut law only permits nonjudicial, self-help repossession of consumer motor vehicles only after default and only where the lender has an enforceable security interest. *See,* Conn. Gen. Stat. § 42a-9-609.

39. At the time of the repossession, Defendants did not have an enforceable security interest in Plaintiff's vehicle, but they seized the Vehicle anyway and then held that vehicle for a period of time, even after they were alerted that they had no right to take the Vehicle.

40. As a direct and proximate result of Defendants' illegal repossession, Plaintiff suffered damages, including the loss of use of the Vehicle and the possessions contained therein, and the loss of the right to pre repossession judicial process.

41. By illegally repossessing Plaintiff's vehicle in violation of the UCC, Defendants harmed Plaintiff, by subjecting her to improper and unconscionable collection practices in violation of her statutory rights.

42. Defendants' illegal activity also harmed Plaintiff by causing her to suffer lost wages, anger, anxiety, emotional distress, frustration and embarrassment, loss of time, deprivation of her vehicle and possessions, and damage to the Vehicle.

### COUNT III

### CONVERSION
### (Against All Defendants)

43. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. On or about July 14, 2025, Plaintiff had actual and constructive possession of the Vehicle.

45. On or about July 14, 2025, Defendants took possession of Plaintiff's vehicle and deprived Plaintiff of the use of that vehicle.

6

46. As set forth above, this was done illegally, without an enforceable security interest.

47. As a result, Defendants did not have the right to assume possession of this vehicle.

48. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by depriving her of the use of her vehicle and the possessions therein.

49. Defendants' illegal activity also harmed Plaintiff by causing her to suffer lost wages, anger, anxiety, emotional distress, frustration and embarrassment, loss of time, deprivation of her vehicle and possessions, and damage to the Vehicle.

50. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted Plaintiff's vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) awarding Plaintiff actual damages incurred, as well as punitive damages;

(b) awarding Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) awarding pre-judgment interest and post-judgment interest; and

(d) awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: December 12, 2025          /s/ Yitzchak Zelman
                                  Yitzchak Zelman, Esq.
                                  MARCUS & ZELMAN, LLC

>701 Cookman Avenue, Suite 300
>Asbury Park, New Jersey 07712
>(732) 695-3282 telephone
>(732) 298-6256 facsimile
>yzelman@marcuszelman.com
>*Attorney for Plaintiff*